UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MASQUEDA SERRANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT RUDAS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00950-KES-CDB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 33) |

Plaintiff Andres Masqueda Serrano is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Rudas for violations of Plaintiff's constitutional rights.

**I.　INTRODUCTION**

On July 10, 2024, the Court issued is Discovery and Scheduling Order. (Doc. 29.)

On September 3, 2024, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 33.) Defendant filed an opposition on September 9, 2024. (Doc. 34.) The Court deems a reply by Plaintiff to be unnecessary.

**II.　DISCUSSION**

*The Parties' Briefing*

Plaintiff asks the Court to appoint counsel because (1) he is unable to afford counsel and is proceeding *in forma pauperis*; (2) his incarceration will greatly limit his ability to litigate

because the issues are complex, will require significant research and investigation, and he has limited access to the law library and limited knowledge of the law; and (3) a trial in this case will likely involve conflicting testimony and counsel would be better able to present evidence and cross-examine witnesses. (Doc. 33 at 1-2.) Plaintiff's motion is supported by the Declaration of Tyrone D. Thompson. (*Id*. at 3-4.) Mr. Thompson indicates he has been helping Plaintiff with his legal work but can no longer assist Plaintiff because he has legal work of his own. (*Id.*)

Defendant opposes Plaintiff's motion contending Plaintiff is not entitled to legal representation because he is not subject to the loss of physical liberty given his present incarceration. (Doc. 34 at 2.) Further, Defendant maintains no exceptional circumstances exist warranting the appointment of counsel. (*Id*. at 2-3.)

### *Applicable Legal Standards*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### *Analysis*

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Although Plaintiff's complaint was screened and Defendant has filed an answer to the complaint, a likelihood of success on the merits determination is not the same as that required at screening. At screening, the Court is tasked with determining whether a

2

1    plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to

2    relief. Further, the merits of the allegations are not tested, for the Court is to consider factual

3    allegations to be true for purposes of screening. A merits-based determination largely is

4    premature as discovery is ongoing in this action, particularly given Plaintiff's failure to argue he

5    is likely to prevail on his claims.  *See generally* (Doc. 33.)

6          Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light

7    of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. First, an Eighth

8    Amendment deliberate indifference to serious medical needs claim such as that presented here is

9    not complex. *See Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at

10   *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical

11   needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL

12   4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent

13   to Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano County Jail,* No. CV-

14   08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same).

15         Second, although Plaintiff's motion is accompanied by Mr. Thompson's declaration

16   indicating Mr. Thompson has been assisting Plaintiff with his legal work, the declaration does not

17   indicate Mr. Thompson has assisted Plaintiff by preparing all pleadings in this action. Even

18   assuming he has, that does not present an exceptional circumstance warranting the appointment of

19   counsel. *See, e.g*., *Parker v. Johnson*, No. CV-17-02904-PHX-SPL (ESW), 2018 WL 2561067, at

20   *2 (D. Ariz. June 4, 2018) (denying appointment of counsel where plaintiff alleged numerous

21   similar obstacles, including that another inmate had been writing his pleadings for him and was

22   no longer available); *West v. Dizon*, No. 2:12-cv-1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal.

23   Jan. 9, 2014) (finding no extraordinary circumstances justifying appointment of counsel for

24   inmate-plaintiff who merely alleged mental disability without any evidence detailing its nature or

25   effects, and which inmate had surmounted with help of other inmates); *Garcia v. CDCR*, No.

26   12cv1084 IEG (KSC), 2013 WL 485756, at *2 (S.D. Cal. Feb. 6, 2013) (denying appointment of

27   counsel where plaintiff "has only a '5.3 grade point level,' has been proceeding thus far with the

28   help of another inmate, and has limited access to the law library"). In short, the Court finds

Plaintiff able to articulate his claims in light of their complexity.

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Further, Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do

not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III.  CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion for the appointment of counsel (Doc. 33) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 13, 2024**                             _____
                                                                                   UNITED STATES MAGISTRATE JUDGE