UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MASQUEDA SERRANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT RUDAS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00950-KES-CDB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>(Doc. 36) |

Plaintiff Andres Masqueda Serrano is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Rudas for violations of Plaintiff's constitutional rights.

**I.   INTRODUCTION**

On July 10, 2024, the Court issued is Discovery and Scheduling Order. (Doc. 29.)

On November 8, 2024, Defendant filed a motion for administrative relief, seeking an extension of the deadline for the filing of a motion for summary judgment for a failure to exhaust administrative remedies. (Doc. 36.)

**II.   DISCUSSION**

*Defendant's Motion for Administrative Relief*

Defendant seeks an extension of the deadline for the filing of a motion for summary judgment based upon exhaustion from November 10, 2024, to December 2, 2024. (Doc. 36 at 2.)

1  Defense counsel declares she has worked diligently to investigate Plaintiff's claims and to
2  conduct discovery. (*Id*. at 3, ¶ 3.) She states Plaintiff's August 26, 2024, response to Defendant's
3  written discovery was deficient. (*Id*.) Defense counsel met and conferred with Plaintiff on
4  September 16, 2024, and received correspondence from Plaintiff on November 8, 2024, but
5  Plaintiff did not amend his responses to clarify his claims. (*Id*., ¶¶ 4-5.)[1] Defense counsel asserts
6  Plaintiff's only grievance concerning Defendant complains of a failure to prescribe morphine
7  whereas the allegations in Plaintiff's complaint "seem to indicate that he is making a general
8  claim against the parties for deficient medical care for his knee condition." (*Id*., ¶ 6.) Counsel
9  declares that although she had hoped to receive clarifying responses to better enable her to
10 prepare an exhaustion motion, she "will still be able to prepare an exhaustion motion by the
11 requested deadline of December 2, 2024, if the Court grants the request." (*Id*., ¶ 7.) Counsel
12 declares her workload in the three months prior has hindered her ability to make progress on an
13 exhaustion motion and provides specifics concerning her other obligations. (*Id*., ¶ 8.) She states
14 this is Defendant's first request for an extension of the relevant deadline, and that it is not made
15 for any purpose of harassment, undue delay, or for any improper reason. (*Id*., ¶ 9.)

16  The Court finds a response by Plaintiff to be unnecessary.

17  ***Applicable Legal Standards and Analysis***

18  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may
19 be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This
20 good cause standard "primarily considers the diligence of the party seeking the amendment."
21 *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify
22 the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the
23 extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

24  Here, Defendant has established good cause for an extension of the deadline for the filing
25 of a motion for summary judgment based upon a failure to exhaust administrative remedies. The

---

[1] Defense counsel states she has attached Exhibits A and B to her declaration, however, the Court notes neither exhibit was provided with the motion. On November 12, 2024, Defendants filed a Notice of Errata, providing the exhibits omitted in the original motion. (*See* Doc. 37.)

deadline will be extended as requested.

### III.     CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that:

1. Defendant's motion for administrative relief (Doc. 36) is **GRANTED**; and
2. The Discovery and Scheduling Order is **MODIFIED** to extend the deadline for filing a motion for summary judgment based upon a failure to exhaust administrative remedies from November 10, 2024, to **December 2, 2024**.

IT IS SO ORDERED.

Dated:   **November 13, 2024**                                    _____

UNITED STATES MAGISTRATE JUDGE

3