UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MASQUEDA SERRANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT RUDAS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00950-KES-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 42)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>(Doc. 43)<br><br>**ORDER MODIFYING DISCOVERY AND SCHEDULING ORDER AND VACATING DISCOVERY CUTOFF AND DISPOSITIVE MOTION DEADLINES** |

Plaintiff Andres Masqueda Serrano is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Rudas for violations of Plaintiff's constitutional rights.

///

## I. INTRODUCTION

On July 10, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 29.) In relevant part, the deadline for the completion of discovery was set for March 10, 2025, and the deadline for the filing of dispositive motions was set for May 19, 2025. (*Id*.)

On November 8, 2024, Defendant filed a motion for administrative relief, seeking an extension of the deadline for filing a motion for summary judgment for a failure to exhaust administrative remedies. (Doc. 36.) On November 13, 2024, the Court granted Defendant's motion and extended the relevant deadline to December 2, 2024. (Doc. 38.)

On November 19, 2024, Defendant filed a motion for partial summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. 39.) When more than 21 days passed without a response by Plaintiff, on December 18, 2024, the Court issued its Order To Show Cause (OSC) Why Sanctions Should Not Be Imposed For Plaintiff's Failure To File An Opposition Or Statement Of Non-Opposition. (Doc. 42.)

On December 30, 2024, Plaintiff filed a document titled "Notice of Motion for an Order for an Extension of Time (30 days) to File an Opposition to Defendant Motion." (Doc. 43.) The following day, Defendant filed a response to Plaintiff's motion. (Doc. 44.)

## II. DISCUSSION

### *Plaintiff's Motion for a 30-Day Extension (Doc. 43)*

Plaintiff requests a 30-day extension of time within which to respond to Defendant's pending partial motion for summary judgment. Plaintiff declares his imprisonment greatly limits his ability to litigate, the issues involved are complex and will require significant research and investigation, his access to the law library is limited, and he has limited knowledge of the law.

### *Defendant's Response to Plaintiff's Request (Doc. 44)*

Defendant Rudas states he does not oppose Plaintiff's request for an extension of time to file an opposition to Defendant's partial motion for summary judgment. However, Defendant seeks modification of the deadlines for the completion of discovery and for filing a dispositive motion. Should any ruling on the pending exhaustion motion not be final by May 19, 2025, Defendant would be required to file a motion for summary judgment addressing the merits of

2

Plaintiff's claims in the absence of a determination concerning their exhaustion. Defendant asks the Court to "extend the dates for the discovery cutoff and the dispositive motion deadline by the same amount, and factor in the extension has already received by failing to timely oppose the Exhaustion MSJ by December 12, 2024."

*Analysis*

Initially, the Court notes it construes Plaintiff's motion for an extension of time as a response to the OSC and will discharge the OSC as a result.

The Court will grant Plaintiff an additional 30-days within which to file an opposition or statement of non-opposition to Defendant's pending partial summary judgment motion concerning exhaustion. Further, the Court will vacate the remaining deadlines in the Discovery and Scheduling Order issued July 10, 2024. Those deadlines will be reset once a final ruling has been issued concerning Defendant's motion filed November 19, 2024. The Court finds resetting the deadlines at a later date will ensure the exhaustion issue has been determined before moving forward with additional discovery and dispositive motions and will relieve the Court of potentially needing to extend those deadlines further given this Court's heavy caseload and any associated delays.

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS**:

1. The OSC issued December 18, 2024 (Doc. 42) is **DISCHARGED**;
2. Plaintiff's motion for an extension of time within which to file an opposition or statement of non-opposition to Defendant's partial summary judgment motion re exhaustion (Doc. 43) is **GRANTED**;
3. Plaintiff **SHALL** file an opposition or statement of non-opposition to Defendant's pending exhaustion motion **no later than February 3, 2025**; and

//
//
//
//

3

    4.   The discovery cutoff deadline of March 10, 2025, and dispositive motion deadline of May 19, 2025, are **VACATED**. Those deadlines will be reset following a final determination of Defendant's pending exhaustion motion.

IT IS SO ORDERED.

Dated:   **January 2, 2025**                      _____

                                                     UNITED STATES MAGISTRATE JUDGE