UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MASQUEDA SERRANO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RUDAS, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00950-KES-CDB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(Doc. 40) |

Plaintiff Andres Masqueda Serrano is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Rudas for violations of Plaintiff's constitutional rights.

I. **INTRODUCTION**

On July 10, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 29.)

On December 2, 2024, Plaintiff filed a document titled "Motion for Order Compelling Discovery." (Doc. 40.) Defendant filed an opposition on December 10, 2024. (Doc. 41.)

II. **DISCUSSION**

*Plaintiff's Motion to Compel (Doc. 40)*

Plaintiff seeks an order compelling Defendant to respond to interrogatories served October 13, 2024. Further, Plaintiff seeks an order requiring Defendant "to pay Court the sum of reasonable expenses in obtaining this order …" Plaintiff's motion includes a copy of a

1  handwritten document titled "Plaintiff's First Set of Interrogatories To Defendant."

## *Defendant's Opposition (Doc. 41)*

Defendant Rudas states there is no need for the Court to compel him to respond to Plaintiff's interrogatories because he "never received the interrogatories" and therefore could not respond to them. Further, Defendant contends defense counsel advised Plaintiff that the interrogatories had not been received, but that Defendant intended to respond to them following receipt of Plaintiff's motion to compel.

More specifically, Defendant contends Plaintiff served a Request for Production of Documents on September 20, 2024,[1] and Defendant served responsive documents to that request on October 15, 2024. On November 4, 2024, defense counsel received a document from Plaintiff titled "'Plaintiff continuing set of Interrogatories to Defendant,'" and replied to those interrogatories on December 2, 2024. Defendant asserts he has demonstrated good faith during the discovery process by responding to those two requests. On December 2, 2024, Plaintiff filed the instant motion seeking to compel a response from Defendant for "a set of interrogatories not before seen by counsel" for Defendant. Defendant notes that Plaintiff did not meet and confer with defense counsel before filing the motion. The following day, defense counsel sent a letter to Plaintiff requesting he withdraw the motion, noting that had Plaintiff met and conferred with counsel she would have advised him that she had not received those interrogatories. Counsel also requested Plaintiff allow Defendant "until January 3, 2025, to respond to the first set of Interrogatories." Additionally, on December 5, 2024, defense counsel arranged for a telephone call with Plaintiff. She explained to Plaintiff that while he "may have placed the Interrogatories in the mail, they were not received" by her office. She asked Plaintiff to allow Defendant time to respond and to withdraw his motion. Defendant contends Plaintiff advised defense counsel "that he was not inclined to withdraw the motion or [to] grant a continuance to allow" Defendant to respond.

///

---

[1] The proof of service accompanying Plaintiff's request for production of documents indicated that only the production request was served on September 20, 2024. (*See* Doc. 41 at 5, ¶ 2 & Exhibit A.)

*Analysis*

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). "'[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)) (alteration omitted). A motion to compel is appropriate where a party fails to answer interrogatories pursuant to Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii).

Here, a review of Plaintiff's motion reveals Plaintiff has failed to provide the Court with evidence that he actually served his first set of interrogatories on Defendant. Plaintiff has provided the Court with a copy of a document titled "Plaintiff's First Set of Interrogatories to Defendant," including five separate interrogatories; however, Plaintiff did not provide a copy of the proof of service accompanying the purported interrogatories. (*See* Doc. 40 at 3-4.) Local Rule 135 requires Plaintiff include such a proof of service.[2] Plaintiff has provided only a proof of service for the instant motion. (*Id*. at 5.) Further, defense counsel declares under penalty of perjury that she did not receive Plaintiff's first set of interrogatories. (*See* Doc. 41 at 5, ¶¶ 5, 7, 9.) Defendant has timely responded to Plaintiff's other discovery requests and defense counsel has indicated an intent to respond to the interrogatories identified in Plaintiff's motion to compel.

In sum, the Court will not order Defendant to respond to discovery that does not appear to have been properly served, nor to discovery Defendant declares he never received. Plaintiff's motion to compel will be denied. If Defendant has not already responded to Plaintiff's first set of interrogatories,[3] Plaintiff may file another motion to compel, properly supported and in compliance with the Local Rules and this Court's Discovery and Scheduling Order.

---

[2] The Discovery and Scheduling Order issued July 10, 2024, states: "Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 *and Local Rule 135*." (Doc. 29 at 1, emphasis added.)

[3] Defendant's opposition indicates an intent to respond to the interrogatories that are the subject of this motion by January 10, 2025.

3

### III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** Plaintiff's motion to compel (Doc. 40) is **DENIED**.

IT IS SO ORDERED.

Dated: **January 21, 2025**

_____
UNITED STATES MAGISTRATE JUDGE