UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MASQUEDA SERRANO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RUDAS, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00950-KES-CDB<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S SUR-REPLY**<br><br>(Doc. 49) |

Plaintiff Andres Masqueda Serrano is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On November 19, 2024, Defendant filed a motion for partial summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. 39.) Defendant's motion included a *Rand*[1] warning (Doc. 39-3), specifically addressing the requirements concerning an opposition to a motion for summary judgment.

When more than 21 days passed without a response from Plaintiff, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition. (Doc. 42.) Plaintiff was directed to respond in writing, or, alternatively, to file an opposition or statement of non-opposition within 14 days. (*Id.*)

---
[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    On December 30, 2024, Plaintiff filed a document titled "Notice of Motion for an Order for an Extension of Time (30 days) to File an Opposition to Defendant Motion." (Doc. 43.) The following day, Defendant filed a response to Plaintiff's motion. (Doc. 44.)

On January 2, 2025, the Court issued its Order Discharging Order to Show Cause, and granted Plaintiff an extension of time to February 3, 2025, within which to oppose Defendant's exhaustion motion; additionally, the Court vacated the discovery cut off and dispositive motion filing deadlines, noting those deadlines would be reset following a final determination of Defendant's pending exhaustion motion. (*See* Doc. 45.)

On February 6, 2025, Plaintiff filed a 42-page document titled "Plaintiff Opposition to Defendant Motion for Summary Judgment based on Exhaustion of Administrative Remedies." (Doc. 47.)

On February 18, 2025, Defendant filed three submissions: (1) Statement of Undisputed Material Facts in Support of Defendant Rudas's Partial Summary Judgment Based on Failure to Exhaust Administrative Remedies; Plaintiff's Disputes and Additional Facts (*see* Doc. 48 at 1-9); (2) Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Partial Motion for Summary Judgment (Doc. 48-1); and (3) Reply in Support of Defendant Rudas's Motion for Partial Summary Judgment Based on Failure to Exhaust Administrative Remedies (Doc. 48-2).

Thereafter, on March 14, 2025,[2] Plaintiff filed a 26-page document titled "Reply Opposition to Defendant Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies." (Doc. 49.)

On March 27, 2025, Defendant filed an Ex Parte Application to Strike Plaintiff's Surreply in Response to Defendant's Partial Motion for Summary Judgment or in the Alternative to Modify the Briefing Schedule and the Declaration of Corinna Arbiter. (Doc. 50.)

**II.    DISCUSSION**

A review of Plaintiff's March 14, 2025, filing reveals it to be a sur-reply; it follows Defendant's exhaustion motion, Plaintiff's opposition, and Defendant's reply thereto.

---

[2] The filing was signed and served March 10, 2025.

2

Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*).[3] The Court views motions for leave to file a sur-reply with disfavor. *See Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). However, district courts have the discretion to either permit or preclude a sur-reply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas Cnty. School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. *See, e.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). This leniency, however, does not extend to permitting sur-replies as a matter of course, and the Court is not generally inclined to permit sur-replies absent an articulation of good cause why such leave should be granted. Neither the Federal Rules of Civil Procedure, nor this Court's Local Rules permit the filing of a sur-reply as a matter of right. *Garcia v. Biter*, 195 F. Supp.3d 1131, 1132 (E.D. Cal. July 18, 2016); *Hill*, 2005 WL 3031136, at *1; *see Delphin v. Morley*, No. 1:19-cv-01076-SKO (PC), 2023 WL 4162998, at *1 (E.D. Cal. June 23, 2023) ("Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate the filing of a sur-reply").

Additionally, and relevant here, Local Rule 230(m) provides as follows:

> **Supplementary Material**. After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval except:
>
> (1) **Objection to Reply Evidence**. If new evidence had been submitted with the reply brief, the opposing party may file and serve, no later than seven (7) days after the reply is filed, an Objection to Reply Evidence stating its objections to the new evidence. The Objection to Reply Evidence may not include further argument on the motion.

---

[3] "All such motions will be deemed submitted when the time to reply has expired." Local Rule 230(*l*).

3

> (2) **Notice of Supplemental Authority**. Any party may file a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority but may not contain additional argument on the motion.

Local Rule 230(m)(1) & (2).

First, even construing Plaintiff's March 14, 2025, filing as arising under Local Rule 230(m), it is untimely. Defendant filed a reply to Plaintiff's opposition on February 18, 2025, making any objection due no later than February 25, 2025, plus time for mailing. Yet Plaintiff did not serve his submission until March 10, 2025, several days after a reasonable mailing period.

Second, a review of the February 18, 2025, submission reveals Defendant did not submit new evidence with the reply brief. Local Rule 230(m)(1). Rather, Defendant was responding directly to the arguments Plaintiff asserted in his opposition. *Hill,* 2005 WL 3031136, at *1; *see Arzaga v. Santiago*, No. 2:18-cv-0313 KJM KJN P, 2022 WL 847328, at *1 (E.D. Cal. Mar. 22, 2022) ("defendants did not raise new arguments in the reply brief, and it appears plaintiff merely seeks another opportunity to oppose defendants' motion. Therefore, the undersigned declines to grant plaintiff an opportunity to file a sur-reply").

Third, Plaintiff's filing does not involve a relevant judicial opinion issued after his opposition was filed or after Defendant's reply was filed. Local Rule 230(m)(2).

Lastly, the undersigned notes that Plaintiff simply submitted his March 14, 2025, filing as if it were permitted as a matter of right. It is not. Nor has Plaintiff articulated good cause for his untimely submission. *Garcia*, 195 F. Supp.3d at 1132; *Delphin*, 2023 WL 4162998, at *1; *see Spencer v. Milan*, No. 1:20-cv-00682-JLT-GSA-PC, 2023 WL 3868225, at *1 (E.D. Cal. June 7, 2023) (the leniency afforded pro se litigants "does not extend to permitting surreplies as a matter of course and the Court is generally not inclined to permit surreplies absent an articulation of good cause why such leave should be granted").

In sum, the Court finds a sur-reply is impermissible and unnecessary and declines to provide Plaintiff with another opportunity to oppose Defendant's motion.

//

### III. CONCLUSION AND ORDER

Based upon the foregoing, the Court **HEREBY ORDERS** as follows:

1. Defendant's ex parte application to strike Plaintiff's sur-reply (Doc. 50) is **GRANTED**;
2. The Clerk of the Court is directed to **STRIKE** Plaintiff's filing of March 14, 2025 (Doc. 49); and
3. Defendant's partial motion for summary judgment was deemed submitted on February 18, 2025; no further briefing will be entertained, and the undersigned will issue findings and recommendations concerning Defendant's exhaustion motion in due course.

IT IS SO ORDERED.

Dated: **March 31, 2025**

UNITED STATES MAGISTRATE JUDGE