UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MASQUEDA SERRANO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT RUDAS, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00950-KES-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME WITHIN WHICH TO OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 56) |

Plaintiff Andres Masqueda Serrano is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Rudas for discontinuing pain medications. (*See* Doc. 53.)

**I.　INTRODUCTION**

On December 1, 2025, Defendant Rudas filed a motion for summary judgment addressing the merits of Plaintiff's claim. (Doc. 55.) The motion included a *Rand*[1] warning, specifically addressing the requirements for an opposition to a motion for summary judgment. (*See* Doc. 55-2.)

On December 29, 2025, Plaintiff filed a document titled "Notice of Motion for a Continuance." (Doc. 56.)

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

## II. DISCUSSION

Plaintiff acknowledges receipt of Defendant's motion "with hundred of documents attached to it" and states he is "unable to research all of these documents and exhibits in a timely manner." (Doc. 56 at 1.) Plaintiff contends his incarceration limits his ability to litigate and that the issues are complex and require research and investigation. (*Id*. at 1-2.) Plaintiff seeks a 30-day extension of time within which to oppose Defendant's pending motion. (*Id*. at 2.)

The Court finds good cause to grant the requested extension. Nevertheless, it cautions Plaintiff as follows. First, Plaintiff's filing is signed and dated, and was served on, December 24, 2025. (Doc. 56 at 2, 3.) Because Defendant's motion was filed and served on December 1, 2025, Plaintiff's opposition was due on or before Monday, December 22, 2025, plus time for mailing. *See* Local Rule 230(*l*). Therefore, Plaintiff's request for an extension of time is untimely by two days. As Plaintiff's was previously advised, "all deadlines are strictly enforced" and "[r]equests for time extensions must be filed before the deadline expires …." (*See* Doc. 8 at 5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued 7/29/2022].) To the extent Plaintiff assumed the 21 days within which he was to file any opposition to Defendant's motion commenced on the date he received Defendant's motion, Plaintiff is mistaken. Local Rule 230 states:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party ***not more than twenty-one (21) days after the date of service of the motion***. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*), emphasis added. Moving forward, in the event Plaintiff requires any further extension of time, he must seek the extension *before* the deadline has expired.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff request for a 30-day extension of time (Doc. 56) is **GRANTED**; and

2

2. Plaintiff **SHALL** file an opposition to Defendant's pending summary judgment motion **no later than January 28, 2026**.

**Any failure by Plaintiff to with this Order may result in the Court considering Defendant's motion for summary judgment to be unopposed and its facts to be undisputed.**

IT IS SO ORDERED.

Dated:   **December 31, 2025**

UNITED STATES MAGISTRATE JUDGE